IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JENNIFER WARREN,                )
                                )
    Plaintiff,              )
                                )
v.                              )   Case No. CIV-10-735-M
                                )
MICHAEL J. ASTRUE,              )
Commissioner of the Social      )
Security Administration,        )
                                )
    Defendant.              )

## REPORT AND RECOMMENDATION

The Plaintiff has bipolar disorder and applied to the Social Security Administration for disability benefits.[1] The agency rejected the claim,[2] but acknowledged the Plaintiff's affliction with bipolar disorder and assessed related limitations involving her mental condition and ability to interact.[3] The Plaintiff appeals on grounds that the agency's decision was lacking in substantial evidence. The Court should affirm.

### Standard of Review

The Court's review entails only a determination of whether the administrative decision is based on substantial evidence and the correct legal standard.[4] Evidence is substantial if

---

[1] Administration Record at pp. 96-101 (certified Aug. 19, 2010) ("Record").

[2] Record at pp. 1-3, 20-21, 37-40.

[3] Record at pp. 13, 15-19.

[4] *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991).

it is greater than a scintilla.[5]  If the agency's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary.[6]  However, a court may not reweigh the evidence or substitute its judgment for that of the Social Security Administration.[7]

## The Sufficiency of Evidence for the Administrative Findings

The administrative law judge found that Ms. Warren had a severe impairment consisting of bipolar syndrome.[8]  In assessing the residual functional capacity, the judge found that Ms. Warren could:

- understand, remember, and carry out simple tasks and instructions with routine supervision,

- relate to peers, coworkers, and supervisors on a superficial work basis, and

- adapt to a work situation with limited contact with the general public.[9]

The judge ultimately found that the Plaintiff could perform substantial gainful activity notwithstanding these limitations.[10]

---

[5] *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).

[6] *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

[7] *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

[8] Record at p. 13.

[9] Record at p. 15.

[10] Record at pp. 20-21.

The Plaintiff merges these findings and challenges them together, arguing that she lacked the residual functional capacity to perform substantial gainful activity. In doing so, the Plaintiff blurs the distinction between two separate steps in the agency's decision-making process: the determinations of her residual functional capacity and the ability to perform substantial gainful activity with her mental and physical limitations.[11]

Notwithstanding the Plaintiff's merger of these two steps, the Court must separate them - as required by the pertinent regulations - to determine whether the administrative law judge committed legal error.

The threshold issue is whether the administrative law judge committed legal error when he assessed an ability to:

- understand, remember, and carry out simple tasks and instructions with routine supervision,

- relate to peers, coworkers, and supervisors on a superficial work basis, and

- adapt to a work situation with limited contact with the general public.[12]

The Plaintiff suggests that the great weight of the evidence would support greater restrictions, but fails to say what they would be. Without knowing what these restrictions would have entailed, the Court cannot ascertain how the Plaintiff thinks she was shortchanged by the administrative law judge's assessment.

---

[11] *See* 20 C.F.R. §§ 404.1520(a)(4)(iv)-(v), 416.920(a)(4)(iv)-(v).

[12] *See supra* p. 2 (citing Record at p. 15).

As the Plaintiff states, the record is replete with references to Ms. Warren's affliction with a mental disorder.[13] The judge obviously attempted to incorporate these references when he found a bipolar disorder and imposed a set of mental limitations.[14] The question on appeal is whether those mental limitations had a reasonable basis in the record.

The record contains only one attempt to translate the bipolar syndrome into a set of limitations. That attempt was made by a psychologist, Janice Smith, Ph.D. She reviewed the treatment records and determined that Ms. Warren had bipolar syndrome with a history of episodic periods manifested by manic and depressive syndromes.[15] The psychologist concluded that this condition would restrict Ms. Warren to simple tasks with routine supervision, superficial interaction with supervisors and peers, and an inability to relate to the general public.[16] In arriving at this assessment, Dr. Smith acknowledged that the Plaintiff:

- had a bipolar disorder,

- was sporadic about taking medication, and

- had poor focus and concentration, racing thoughts, increased panic episodes, disorganized thoughts, and rapid decreases in energy.[17]

---

[13] Record at pp. 148, 206-207, 215, 224-25, 233, 236-37, 255, 264, 270, 272-85, 289-90, 309-18.

[14] *See supra* p. 2.

[15] Record at p. 255.

[16] Record at p. 268.

[17] Record at p. 264.

4

Another psychologist reviewed Dr. Smith's assessment and concurred.[18]

The administrative law judge stated that he had given "great weight" to Dr. Smith's assessment, concluding that it was "consistent with and well supported by the medical evidence" and "the overall record."[19]

Ms. Warren points out that Dr. Smith did not provide an examination or treatment. But Dr. Smith was the only expert to attempt to translate Ms. Warren's bipolar disorder into a set of functional limitations.[20] The judge had to consider Dr. Smith's assessment because the psychologist was considered an "expert" under the pertinent regulations.[21]

---

[18] Record at p. 289.

[19] Record at p. 18.

[20] A similar situation arose in *Johansen v. Barnhart*, 314 F.3d 283 (7th Cir. 2002). There two psychologists reviewed the claimant's records and evaluated his mental capacity. *See Johansen v. Barnhart*, 314 F.3d at 285-86. One psychologist concluded that the claimant could perform repetitive, low-stress work. *See id.* The other psychologist assessed difficulty in performing work-related functions roughly 25-50% of the time. *See id.* at 286. The administrative law judge credited the first psychologist's assessment and found an ability to perform repetitive, low-stress work. *See id.* at 287-88. The claimant challenged this finding on grounds that it did not account for the evidence involving work-related limitations approximately 25-50% of the time. *See id.* at 288. The Seventh Circuit Court of Appeals rejected the claim, concluding that the administrative law judge had substantial evidence for his assessment. *Id.* at 288-89. The court relied on the fact that the first psychologist was the only medical expert to translate his opinions about mental limitations into an assessment of residual functional capacity. *Id.* at 289. With this fact, the court concluded that the administrative law judge could reasonably assess the claimant's residual functional capacity based on the first psychologist's incorporation of opinions into a set of mental limitations. *Id.*

[21] The pertinent regulation states:

> State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants and other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled.

The Plaintiff contends that the administrative law judge erred by relying on an expert who had reviewed the records. This argument is based on a confusion of the regulations. When confronted with conflicting assessments by two doctors, one who treated the claimant and one who simply reviewed records, the regulations indicate an obvious preference for the doctor who had provided treatment.[22] But here none of the treating doctors had supplied an assessment that conflicted with Dr. Smith's.

According to the Plaintiff, the administrative law judge also erred by relying on noncompliance with the medication regimen given to her by various doctors. The Plaintiff's argument is based on a misunderstanding of the written decision. The judge simply concluded that when Ms. Warren took her medications, she "had continued stability."[23] In arriving at this conclusion, the judge discussed the Plaintiff's testimony about her medications. In June 2008, she testified that she had complied with her medication regimen for roughly two years.[24] The judge said that she did not believe this testimony, pointing to indications of noncompliance within the period of time that Ms. Warren said she was taking his medication.[25]

---

20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i).

[22]  *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

[23]  Record at p. 18.

[24]  Record at pp. 28-29.

[25]  Record at pp. 17-18 (citing *id.* at pp. 312, 317).

6

Ms. Warren contends that the judge should not have blamed her for failure to take the medications because poor judgment is a symptom of bipolar disorder. The problem with this argument is that the judge didn't blame Ms. Warren for her failure to take her medications. Instead, the judge simply stated that the Plaintiff was not telling the truth when she testified at the hearing that she had complied with her medication regimen over the previous two years.

The Plaintiff appears to question the judge's belief that she was ordinarily stable when she took her medications. But Ms. Warren acknowledges "that her symptoms are controlled to a great degree when she is compliant with her medications."[26] Indeed, the Plaintiff even appears to concede that she was not telling the truth at the hearing, when she testified that she had complied with her medication regimen over the previous two years. For example, Ms. Warren acknowledges that because of her mental illness, she "is generally not the type of person to exhibit good judgment with maintaining treatment."[27] The administrative law judge did not go any further than the two statements that the Plaintiff apparently agreed with.

Through Dr. Smith's assessment, the record provides substantial evidence for the administrative law judge's findings on Ms. Warren's mental limitations. The Plaintiff picks at the judge's rationale, pointing to Dr. Smith's lack of examination or treatment and a comment on the failure to take required medications. But the Plaintiff's arguments do not present any viable reason for the Court to disturb the administrative law judge's findings.

---

[26] Plaintiff's Brief of Her Statement of Position with Authorities at p. 9 (Oct. 31, 2010).

[27] Plaintiff's Brief of Her Statement of Position with Authorities at p. 9 (Oct. 31, 2010).

The judge had substantial evidence for his findings on the effect of Ms. Warren's mental limitations on her ability to follow instructions and relate to others. The law requires no more than that, and the Court should affirm.

## Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[28] The deadline for objections is March 7, 2011.[29] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[30]

## Status of the Referral

The referral is discharged.

Entered this 18th day of February, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[28] *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.).

[29] *See* Fed. R. Civ. P. 6(d), 72(b)(2).

[30] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").